UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN C. HOFFMEYER and ANTHONY SCOTT WICHLAN, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 4:11CV00898 AGF |
| MICHAEL PORTER and THOMAS C. BELOTE, ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiffs Stephen Hoffmeyer and Anthony Scott Wichlan bring this action for damages against two officers of the Water Patrol Division of the Missouri Highway Patrol, Michael Porter and Thomas Belote in their individual capacities. Plaintiffs, who were arrested by Defendants for peace disturbance and resisting arrest, assert claims under 42 U.S. C. § 1983 for unlawful arrest under the Fourth Amendment and retaliation for exercise of First Amendment rights, and under Missouri common law for malicious prosecution. The matter is before the Court on Plaintiffs' motion for summary judgment on the issue of liability on all claims. For the reasons set forth below, the motion shall be granted in part and denied in part.

## BACKGROUND

The case arises out of the warrantless arrest of Plaintiffs by Defendants on the gangplank of Hoffmeyer's houseboat on the Mississippi River in St. Charles County, Missouri, on Sunday, June 21, 2009. Viewing the evidence in the light most favorable to

Defendants the record establishes the following. At approximately 5:00 p.m. on June 21, 2009, Porter was on patrol in his boat near Hoffmeyer's houseboat which was tied to a dock. Porter was using binoculars to observe whether the houseboat had proper registration. Hoffmeyer started yelling at him from the deck of the houseboat, using profanities, including "You fucking communist!" and "Fuck you!" Wichlan also began yelling at Porter from the deck of the houseboat and "gave him the finger." A woman with two children, as well as some other people, were on the dock in hearing distance. Porter could see that the woman was disturbed by the yelling and that she immediately left the area with the children.

    Porter saw someone else in the cabin of the houseboat holding what Porter thought might be the scope of a gun. Belote arrived at the scene and Porter told him "the situation," including that he saw what might have been the scope of a gun. The two officers went onto the gangplank and approached the houseboat. Both Plaintiffs were yelling obscenities at the officers and when asked to provide their identification, refused

to do so.  At this point, Defendants arrested Plaintiffs for peace disturbance.[1]  (Porter's Depo. Doc. No. 20-2.)

Hoffmeyer turned around willingly and was handcuffed behind his back.  The officers asked Wichlan to give them his cell phone with which he had just taken a picture of Hoffmeyer, and Wichtan refused.  Belote told Wichlan to put his hands behind his back, and it took both Defendants to handcuff Wichlan.  Defendants walked Plaintiffs down the gangplank and put them in patrol cars of the county sheriff's department and told the sheriffs to take Plaintiffs to the county detention center.  Plaintiffs were detained overnight and both were charged with peace disturbance and resisting arrest.[2]  *Id*.

---

[1]    Under Mo. Rev. Stat. § 574.010. 1,

[A] person commits the crime of peace disturbance if:

    (1) He unreasonably and knowingly disturbs or alarms another person or persons by:
        (a) Loud noise; or
        (b) Offensive language addressed in a face-to-face manner to a specific individual and uttered under circumstances which are likely to produce an immediate violent response from a reasonable recipient;

[2]    Mo. Rev. Stat. § 575.150 provides, in relevant part:

1. A person commits the crime of resisting or interfering with arrest . . . if, knowing that a law enforcement officer is making an arrest . . . , for the purpose of preventing the officer from effecting the arrest . . .

    (1) Resists the arrest . . . by using or threatening the use of violence or physical force or by fleeing from such officer . . . .

2. This section applies to: (1) Arrests . . . with or without warrants;

\*     \*     \*

Plaintiffs retained counsel and on April 7, 2010, the prosecuting attorney entered *nolle prosequi* on all charges.

Plaintiffs assert three claims for damages against Defendants: (1) a claim under 42 U.S.C. §1983 for false arrest, on the ground that there was no arguable probable cause for arresting Plaintiffs, (2) a claim under 42 U.S.C. § 1983 for retaliatory arrest for exercise of First Amendment rights, on the ground that the arrest was for name calling which is protected by the First Amendment -- particularly against a law enforcement officer, and (3) a claim under state common law for malicious prosecution, on the ground that the reason Defendants charged Plaintiffs was because Defendants knew they had acted improperly in arresting them, and thought that by bringing the charges the matter would be resolved by dropping the charges in exchange for a release.

Plaintiffs argue that they are entitled to summary judgment on the question of liability on all three claims.  Plaintiffs assert that the evidence establishes that there was no probable cause to believe that either Plaintiff had violated the peace disturbance statute because Plaintiffs' words directed to the two officers were not uttered under circumstances which were likely to produce an immediate violent response from Defendants.  Plaintiffs also assert that the evidence makes clear that Hoffmeyer did not resist arrest.

---

4. It is no defense to a prosecution pursuant to subsection 1 of this section that the law enforcement officer was acting unlawfully in making the arrest. However, nothing in this section shall be construed to bar civil suits for unlawful arrest.

Plaintiffs posit that as the arrests lacked probable cause, that the record also establishes a clear inference that the true purpose of the arrests was to retaliate for Plaintiffs' exercise of their First Amendment rights, and that they were maliciously charged with the crimes. Thus, according to Plaintiffs, they are entitled to summary judgment on their second and third claims as well.

Plaintiffs maintain that Defendants are not entitled to qualified immunity because the right to be free from arrest without probable cause and the right to be free from arrest and prosecution in retaliation for the exercise of First Amendment right have been well established for decades, and so under an objective standard, no reasonably competent officer would have arrested Plaintiffs.

Defendants respond that there exist factual issues that preclude the grant of summary judgment and that the evidence at trial will establish that they are entitled to qualified immunity.

## **DISCUSSION**

Federal Rules of Civil Procedure Rule 56(a) provides that summary judgment shall be entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the record. *Sokol & Assocs., Inc. v. Techsonic Indus., Inc.*, 495 F.3d 605, 610 (8th Cir. 2007).

"A genuine issue of fact exists when there is 'sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

> A warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause. . . .  An officer has probable cause to make a warrantless arrest when the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense.  In determining whether probable cause existed at the time of the arrest, [courts] look at the totality of the circumstances as set forth in the information available to the officer at the time of arrest.

*Royster v. Nichols*, ___F.3d___, 2012 WL 5308046, at *4 (8th Cir. Oct. 30, 2012) (citations omitted).  "Probable cause exists if the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed an offense at the time of the arrest."  *Green v. Nocciero*, 676 F.3d 748, 751 (8th Cir. 2012).

Viewing the totality of the circumstances in the light most favorable to Defendants and giving them the benefit of all reasonable inferences to be drawn from the record, the Court concludes that there was no probable cause to arrest and charge either Plaintiff with peace disturbance.  As set forth in *Green v. Missouri*, 734 F. Supp. 2d 814 (E.D. Mo. 2010), it has long been established by the courts in Missouri that to constitute a violation of § 574.010. 1, "conduct must have been calculated to provoke a breach of the peace, meaning it must have been intended to or reasonably likely to incite others to violence."  734 F. Supp. 2d at 834-35 (citing cases including *City of St. Louis v. Tinker*, 542 S.W.2d 512, 513-20 (Mo. 1976) (holding that a protester who screamed and yelled at police and security guards, "pigs," or "stupid pigs," in the presence of approximately 35 other

protesters, could not be found guilty of peace disturbance because the words were not intended to provoke others to violence)). Here, the Court can say as a matter of law, that no reasonable officer would have thought that Plaintiffs had committed the offense of peace disturbance under Missouri law.

In addition, the evidence establishes that no reasonable police officer would have believed that Hoffmeyer resisted arrest. The Court cannot say the same about Wichlan with respect to his arrest for resisting arrest. Under § 575.150(4) and Missouri common law, an individual can be convicted of resisting arrest even where the arrest is unlawful. *Miller v. Page*, No. 04-4198CVCNKL, 2005 WL 3557426, at *6 (W.D. Mo. Dec. 28, 2005) (citing *State v. Merritt*, 805 S.W.2d 337 (Mo. Ct. App. 1991)). Here, the record is not clear that Wichlan did not resist arrest, or at least that a reasonable officer would have known that Wichlan did not do so.

**First Amendment and Malicious Prosecution Claims**

The Court cannot conclude on the record before it that either Plaintiffs are entitled to summary judgment on the question of liability on the First Amendment and malicious prosecution claims. To prevail on the First Amendment claims, Plaintiffs must show that the arrests were motivated by retaliation against protected speech, *see, e.g., McCabe v. Parker*, 608 F.3d 1068, 1079 (8th Cir. 2010), and malice is an element in a malicious prosecution claim under Missouri law, *see, e.g., Bramon v. U–Haul, Inc.*, 945 S.W.2d 676, 684 (Mo. Ct. App. 1997) ("A plaintiff suing for malicious prosecution must prove legal malice, i.e., that the defendant initiated the prosecution for a purpose other than that of bringing an offender to justice."). Plaintiffs' argument in this regard is based on an

inference they ask the Court to draw from the evidence. This does not meet the standard for granting Plaintiffs summary judgment.

**<u>Qualified Immunity</u>**

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). Defendants would be entitled to qualified immunity on all of Plaintiffs' constitutional claims "unless (1) [Defendants] violated a federal constitutional or statutory right belonging to [Plaintiffs] (2) that was clearly established at the time of the violation, such that reasonable officials in [Defendants'] positions would have known that they were violating that right." *See Livers v. Schenck*, No. 11-1877, ___F.3d___, 2012 WL 5439300, at *7 (8th Cir. Nov. 8, 2012). "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012) (citation omitted). "[T]he right allegedly violated must be established, not as a broad general proposition, but in a particularized sense so that the contours of the right are clear to a reasonable official." *Id*. at 2094 (citations omitted).

Qualified immunity is a doctrine that, "in shielding government officials from damages liability, gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Nocciero*, 676 F.3d at 751 (citation omitted). The doctrine "balances two important interests -- the need to hold public officials accountable when they exercise power irresponsibly and the need to shield

officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson*, 555 U.S. at 231.

Here, at the time of Plaintiffs' arrest it was clearly established that "a seizure without a truthful factual showing sufficient to constitute probable cause violates the Fourth Amendment," *see Livers*, 2012 WL 5439300, at *14 (citation omitted), and the record establishes that it was not objectively reasonable for Defendants to think that they had probable cause to arrest either Plaintiff for peace disturbance, or to arrest Hoffmeyer for resisting arrest.

Whether Defendants are entitled to qualified immunity on the other constitutional claims must await further factual development of the record.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for summary judgment on the issue of liability is **GRANTED** in part and **DENIED** in part, as set forth above. (Doc. No. 21.)

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2012.