# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| STEPHEN C. HOFFMEYER, et al., | ) <br> ) <br> ) |
| Plaintiffs, | ) Case No. 4:11-CV-898-JAR |
| v. | ) <br> ) |
| SERGEANT MICHAEL PORTER, et al., | ) <br> ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for New Trial or to Alter or Amend the Verdict. [ECF No. 68] The motion is fully briefed and ready for disposition. For the following reasons, the Court will deny the motion.

### Background

This civil rights case was tried to a jury on March 11, 2013 through March 13, 2013. The jury returned its verdict in favor of defendants and against plaintiffs and the Court entered judgment accordingly. Plaintiffs argue they are entitled to a new trial or amended judgment on the grounds that the Court's reversal of its prior summary judgment order was erroneous as a matter of law. Alternatively, Plaintiffs argue they are entitled to a new trial based on instructional error, evidentiary error, and the weight of the evidence.

### Legal Standard

Under Federal Rule of Civil Procedure 59(a)(1)(A), "[a] new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." Gray v. Bicknell, 86 F.3d 1472, 1480

(8th Cir.1996). A miscarriage of justice does not result whenever there are inaccuracies or errors at trial; instead, the party seeking a new trial must demonstrate that there was prejudicial error. Buchholz v. Rockwell Int'l Corp., 120 F.3d 146, 148 (8th Cir.1997). It is almost entirely within the discretion of the trial court whether to grant a new trial. See Fed.R.Civ. P. 59(a); Orthoarm, Inc. v. Forestadent USA, Inc., 2008 WL 4681385, at *2 (E.D.Mo. Oct. 21, 2008) (citing Belk v. City of Eldon, 228 F.3d 872, 878 (8th Cir. 2000)). The Court has carefully considered Plaintiffs' arguments with the foregoing standards in mind.

**Discussion**

**(1) Order reversing partial summary judgment**

On November 19, 2012, the Court granted partial summary judgment in favor of Plaintiffs, finding, based on the facts of record, that there was no probable cause to arrest either Plaintiff for peace disturbance, or to arrest Plaintiff Hoffmeyer for resisting arrest. (Doc. No. 27) Based on significant factual disputes developed at trial, the Court vacated and set aside its ruling. (Doc. No. 57) Plaintiffs contend this was in error because "in all material ways" the evidence came in as the parties testified on deposition and thus remained unchanged from the summary judgment stage. In addition, Plaintiffs argue the Court's order reversing its earlier ruling permitted the jury to pass on a question of law, i.e., whether there was probable cause to arrest and charge Plaintiffs with peace disturbance.

Summary judgment motions are interlocutory in nature, and may be reconsidered and revised up until the time a final judgment is entered. Bancorp Services, L.L.C. v. Sun Life Assur. Co. of Canada, 2011 WL 1599550, at *1 (E.D.Mo. Apr. 27, 2011) (citing Ideal Instruments, Inc. v. Rivard Instruments, Inc., 434 F.Supp.2d 640, 647 (N.D. Iowa 2006)). Under Rule 54(b), "a district court may, in its discretion, reconsider an interlocutory order to correct any clearly or

manifestly erroneous findings of fact or conclusions of law." Seubert v. FFE Transp. Services, Inc., 2013 WL 827547, at *1 (E.D.Mo. Mar. 6, 2013) (quoting Munroe v. Continental Western Ins. Co., 2012 WL 4358642, at *2 (E.D.Mo. Sept. 24, 2012)).

At the close of Plaintiffs' case, the factual record was much more expansive than on summary judgment, particularly with regard to the presence of people on a nearby boat deck. As for Plaintiffs' argument that peace disturbance cannot arise from conduct directed at a police officer, Plaintiffs' own witness, assistant prosecuting attorney Kent Fanning, testified that a charge of peace disturbance or resisting arrest could be maintained under these circumstances, raising a significant question of fact on the issue of Defendants' liability and making summary judgment inappropriate.

**(2) Instructional error**

In the alternative, Plaintiffs contend the instructions given to the jury were in error because "there is no way to know whether the jury ruled for Defendants because they believed the officers' peace had been disturbed," as opposed to the people on the dock. (Doc. No. 68, ¶¶ 19-20) Plaintiffs suggest their proposed explanatory instructions A or B would have instructed the jury that generally, the speech at issue does not constitute peace disturbance. Defendants respond that Plaintiffs' contention is speculative. If there is no way to know if the jury ruled for Defendants because they believed Sergeant Porter's peace had been disturbed, then it is equally likely that the verdict reflects the jury's belief that the people on the dock were disturbed. (Doc. No. 72, p. 5) Defendants further argue that Plaintiffs waived any claim of instructional error by failing to object to the verdict directors or verdict form during the jury instruction conference. (Id.)

"A new trial based on errors in jury instructions will only be granted where the error likely affected the jury's verdict." Process Controls Intern., Inc. v. Emerson Process Management, 2013 WL 2420360, at *2 (E.D.Mo. June 3, 2013) (citing Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 720 (8th Cir.2008)). Jury instructions are generally committed to the sound discretion of the trial court and the trial court is entitled to a great deal of deference in their formulation. See Friedman & Friedman, Ltd. v. Tim McCandless, Inc., 606 F.3d 494, 499 (8th Cir. 2010)). "The instructions need be neither technically perfect nor a model of clarity." Id. "The jury instructions are to be considered in their entirety and even a single, erroneous instruction (which defendant does not concede exists in this case) does not require reversal if the charge as a whole fairly and adequately submits the issue to the jury." Bauer v. Curators of the University of Missouri, 2011 WL 2940455, at *2 (W.D.Mo. July 19, 2011).

Taken as a whole, the Court finds the jury instructions fairly and adequately represented the evidence and applicable law in light of the issues presented to the jury. Swipies v. Kofka, 419 F.3d 709, 716 (8th Cir.2005) (internal quotation marks and citation omitted)). The Court finds nothing to suggest that the instruction "misled the jury or had a probable effect on the verdict." Process Controls , 2013 WL 2420360, at *2 (quoting Friedman, 606 F.3d at 499).

**(3) Weight of the Evidence**

In reviewing a motion for a new trial on the ground that the jury's verdict is against the weight of the evidence, the Court is free to weigh the evidence for itself and grant a new trial even where substantial evidence exists to support the verdict. Dominium Mgmt. Servs., Inc. v. Nationwide Housing Group, 195 F.3d 358, 366 (8th Cir.1999). "Ultimately, the district court must determine if there will be a miscarriage of justice if the jury's verdict is allowed to stand." Id. (citing White v. Pence, 961 F.2d 776, 780 (8th Cir.1992)). A miscarriage of justice occurs

when there is insufficient evidence to support the verdict. Douglas County Bank & Trust Co. v. United Financial Inc., 207 F.3d 473, 478 (8th Cir.2000).

Plaintiffs argue that no reasonable juror could have accepted Defendants' testimony as truthful. The Court does not agree. The resolution of factual conflicts is properly the role of the jury. The jury decides who they want to believe. Here, the jury apparently found the testimony in favor of Defendants to be more credible and persuasive. And the evidence presented at trial was more than sufficient to support the jury's decision. The Court does not believe the jury's verdict was against the substantial weight of the evidence and did not result in a miscarriage of justice. See Bauer v. Curators of the University of Missouri, 2011 WL 2940455, at *4 (W.D.Mo. July 19, 2011).

**(4) Evidentiary ruling on "mooning"**

Plaintiffs argue that the admission of evidence that Plaintiff Hoffmeyer "mooned" Sergeant Porter was unfairly prejudicial; however, Plaintiffs introduced the "mooning" incident following the Court's denial of their motion in limine seeking to exclude such testimony. (Doc. No. 41) Plaintiffs assert they acted under the assumption that the Court would not reverse its earlier ruling on summary judgment and that the "mooning" would be "legally irrelevant." In response, Defendants point out that Plaintiffs were advised prior to trial that Defendants would likely seek to have the summary judgment ruling reversed. Furthermore, because the ruling only affected Plaintiff Hoffmeyer, Plaintiffs' case preparation for the same claims presented on behalf of Plaintiff Wichlan was unaffected by the ruling. (Doc. No. 72, pp. 8-9)

"A motion for a new trial based on erroneous [evidentiary rulings] should not be granted unless the evidentiary ruling[s] [were] so prejudicial that a new trial would likely produce a different outcome." White v. McKinley, 2009 WL 813001, at *11 (W.D.Mo. Mar. 26, 2009)

(quoting Radloff v. City of Oelwein, Iowa, 380 F.3d 344, 349 (8th Cir.2004)). "On a motion for new trial, the district court is entitled to interpret the evidence and judge the credibility of witnesses, but it may not usurp the role of the jury by granting a new trial simply because it believes other inferences and conclusions are more reasonable." Van Steenburgh v. Rival Co., 171 F.3d 1155, 1161 (8th Cir.1999) (citation omitted). The Court cannot conclude that the admission of testimony regarding the "mooning" incident was so prejudicial that a new trial would likely produce a different outcome.

**Conclusion**

For the foregoing reasons, the Court concludes that the jury's verdict represents neither a miscarriage of justice nor the denial of a fair trial.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for New Trial or to Alter or Amend the Verdict [68] is **DENIED**.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 13th day of June, 2013.